# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**OMAR T. ALSTON,**

    **Plaintiff,**

**vs.**                                **Case No. 4:18cv460-RH/CAS**

**OFFICER FLOWERS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

On October 3, 2018, the pro se Plaintiff initiated this case by submitting a civil rights complaint, ECF No. 1, and a motion for leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion demonstrates that Plaintiff lacks the financial resources to pay the Court's filing fee. His complaint has been reviewed to determine if Plaintiff is entitled to in forma pauperis status. *See* 28 U.S.C. § 1915(g).

Plaintiff lists a number of cases he previously filed in both state and federal court, and lists only one case in response to Question C in Section IV of the complaint form which requires disclosing any prior cases which were dismissed as frivolous, malicious, failing to state a claim, or prior to

service.  ECF No. 1 at 5-6.  Plaintiff acknowledges that case number 4:17cv330 was dismissed in July of 2017 for abuse of the judicial process.  *Id.* at 5.  It appears that Plaintiff did not fully and honestly disclose all of his prior cases in that case.

Plaintiff also acknowledges that he previously filed case number 5:15cv526 in the United States District Court for the Middle District of Florida.  *See* ECF No. 1 at 12.  That case was dismissed for failure to state a claim in December 2015 and counts as Plaintiff's second "strike."  *Id.*

More recently, Plaintiff appealed the dismissal of case number 5:14cv482, which was filed in the Middle District of Florida.  The docket for his appeal, case number 17-15416-A, reveals that the Eleventh Circuit denied Plaintiff's in forma pauperis motion and dismissed his appeal as frivolous on July 16, 2018.  That dismissal counts as Plaintiff's third "strike" pursuant to 28 U.S.C. § 1915(g).

That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury." 28 U.S.C. § 1915(g).  Accordingly, Plaintiff may not proceed in this case with in forma pauperis status unless his complaint alleges sufficient facts showing Plaintiff "is under imminent danger of serious physical injury."

Plaintiff's complaint concerns events from March of 2015 when he was housed at Jefferson Correctional Institution.  ECF No. 1 at 11.  The complaint does not allege imminent danger.  Furthermore, Plaintiff does not allege that any of the named Defendants are physically located with him, and Plaintiff is now currently confined at Liberty Correctional Institution.  Thus, Plaintiff's complaint does not allege facts which bring him within the "imminent danger" exception.

Because Plaintiff has had more than three prior dismissals of cases which count as "strikes," and he is not under imminent danger of serious physical injury, his motion to proceed in forma pauperis should be denied and this action dismissed.  Dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which he pays the full $400.00 filing fee at the time of filing the complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay

the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that any other pending motions be **DENIED,** and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 7, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R.**

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**