IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OMAR T. ALSTON,

    Plaintiff,

v.                                CASE NO. 4:18cv460-RH/CAS

OFFICER FLOWERS et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This prisoner civil-rights case is before the court on the magistrate judge's report and recommendation, ECF No. 4, and the objections, ECF Nos. 7 and 11. The standard of review is de novo.

The report and recommendation concludes that under 28 U.S.C. § 1915(g), the plaintiff Omar T. Alston is ineligible to proceed *in forma pauperis*. The statute prohibits a prisoner from proceeding *in forma pauperis* if, before filing the case, three or more other cases or appeals brought by the prisoner while in custody were dismissed as frivolous or malicious or for failure to state a claim upon which relief

can be granted. There is an exception for a prisoner who is in imminent danger of serious physical injury, but Mr. Alston does not meet that requirement.

When a prisoner does not pay the filing fee and is ineligible to proceed *in forma pauperis*, the case must be dismissed. If, before Mr. Alston filed this case, he suffered three qualifying dismissals—three "strikes"— the case must be dismissed.

Mr. Alston asserts he does not have three strikes. This order addresses the three dismissals identified as strikes in the report and recommendation.

First, Mr. Alston acknowledges that the dismissal of *Alston v. Bellamy*, No. 4:17cv330, counts as a strike.

Second, Mr. Alston acknowledges that *Alston v. Marion County, Florida*, No. 5:15cv526, was dismissed for failure to state a claim. He asserts this does not count as a strike because the district court that dismissed the case did not explicitly say the dismissal counted as a strike or cite § 1915(g). But dismissal for failure to state a claim is a strike under the explicit terms of § 1915(g); there is no requirement that, to count as a strike, the court must label the dismissal as a strike or cite § 1915(g). Mr. Alston's contrary assertion is unfounded.

Third, Mr. Alston acknowledges that his appeal in *Alston v. Winkler*, No. 17-15416-A, was dismissed, but he says the dismissal was for failure to pay the filing fee and that this does not count as a strike. The order of the United States Court of

Appeals for the Eleventh Circuit dismissing the appeal, issued as the court's mandate, says, "On its own motion, the court DISMISSES the appeal as frivolous." A copy of the order is attached to this order. This counts as a strike.

In sum, Mr. Alston has three strikes, precisely as the report and recommendation concluded.

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's further opinion. The clerk must enter judgment stating, "The complaint is dismissed without prejudice." The clerk must close the file.

SO ORDERED on February 11, 2019.

s/Robert L. Hinkle  
United States District Judge